# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN TKAC, | CASE NO. 1:10-cv-01043 GSA PC |
| Plaintiff, | ORDER DISMISSING FIRST AMENDED COMPLAINT, WITH LEAVE TO FILE SECOND AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| ARTHUR ANDERSON, et al., | (ECF No. 9) |
| Defendants. | |

## Screening Order

**I.   Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

///

1    "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
2 exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.
3 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and
4 plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).
5 "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the
6 grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading
7 standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330
8 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements
9 of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257
10 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.    Plaintiff's Claims**

This action proceeds on the August 20, 2010, first amended complaint.[1] Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at the Substance Abuse Treatment Facility at Corcoran, brings this action against correctional officials employed by the CDCR. Plaintiff names the following individual defendants: Arthur Anderson, Commissioner, Board of Parole Hearings; Martin Hoshino, Executive Officer, Board of Parole Hearings; Philip Reiser, Staff Counsel, Board of Parole Hearings; Mario Reyes, Deputy Commissioner, Board of Parole Hearings; James D. Hartley, Warden at Avenal State Prison (ASP); Correctional Counselor A. Guzman at (ASP); A. Lloren, Facility Captain at ASP; N. Lopez, Appeals Coordinator at ASP; Rosemary Ndoh, Associate Warden at ASP; E. Quezada, Correctional Officer (C/O) at ASP; T. Smith, Lieutenant at ASP; Bill McCollough, Associate Information Systems Analyst at ASP.

Plaintiff's statement of claim, in its entirety, follows

> Bill McCollough and Rosemary Ndoh generated an inaccurate informational chrono (CDC 128B) to punish plaintiff (w/o due process). A Lloren and A. Guzman utilized the inaccurate

---

[1] The first amended complaint was filed before the Court screened the original complaint. Pursuant to Federal Rule of Civil Procedure 15(a), Plaintiff may filed an amended complaint once, as a matter of right, so long as a responsive pleading has not been filed. No defendant has been served, and a responsive pleading has not been filed.

2

informational chrono to punish plaintiff w/o due process. James D. Hartley ignored plaintiff's complaints of misconduct by Bill McCollough, Rosemary Ndoh, A. Lloren and A. Guzman. N. Lopez failed to properly process plaintiff's complaints. A. Lloren ordered T. Smith who, in turn ordered E. Quezada to generate a false rules violation report (CDC 115) to justify punishing plaintiff based on Bill McCollough's and Rosemary Ndoh's inaccurate chrono, and in reprisal for alleging staff misconduct. Arthur Anderson and Mario H. Reyes utilized the pending false rules violation report as a reason to deny plaintiff's liberty for two years. Martin Hoshino and Philip Reiser ignored plaintiff's request to review Arthur Anderson, and Mario H. Reyes's decision and stated that plaintiff should take them 'to court.'

(Am. Compl. ¶ IV.)

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

### A. Denial of Parole

Plaintiff appears the challenge the basis of the denial of his parole. Plaintiff's central claim is that the Parole Commission relied on inaccurate information in considering his suitability for parole. Should Plaintiff prevail on his claim, the basis of his parole denial would be in question. When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991). Where the complaint states a habeas claim instead of a § 1983 claim, the court should dismiss the claim without prejudice for failure to exhaust, rather than converting

3

it to a habeas and addressing it on the merits. See Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995). Should Plaintiff seek to challenge his parole denial, he should proceed in a separate petition for writ of habeas corpus.

### B. Disciplinary Hearing

Plaintiff also appears to challenge the validity of a disciplinary hearing. In Edwards v. Balisok, 520 U.S. 641, 644 (1997), the United States Supreme Court applied the doctrine articulated in Heck v. Humphrey, 512 U.S. 477, 487 (1994), to prison disciplinary hearings. In Heck, the Court held that a state prisoner's claim for damages for unconstitutional conviction or imprisonment is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated. 512 U.S. at 487. In applying the principle to the facts of Balisok, the Court held that a claim challenging the procedures used in a prison disciplinary hearing, even if such a claim seeks money damages and no injunctive relief, is not cognizable under § 1983 if the nature of the inmate's allegations are such that, if proven, would necessarily imply the invalidity of the result of the prison disciplinary hearing. 520 U.S. at 646. Because such a challenge, if successful, would invalidate the duration of the inmate's confinement, it is properly brought as a habeas corpus petition and not under § 1983. Heck, 512 U.S. at 487; Preiser, 411 U.S. at 500.

Although the specific facts of Balisok involved allegations of deceit and bias on the part of a hearing officer, the Court's reasoning applies to any claim which, if proven, would have the effect of invalidating the result of a disciplinary hearing. The Ninth Circuit has applied the Balisok rule to a case in which a prisoner sought damages based on allegations that prison officials relied on false information to find him ineligible for parole. Butterfield v. Bail, 120 F.3d 1023 (9th Cir. 1997). Because the claim necessarily implied the invalidity of the plaintiff's continued confinement, it could not accrue until the conviction or sentence had been invalidated. Id.

Here, Plaintiff's core factual allegations is that he was punished without due process. Because Plaintiff's claim necessarily implies the invalidity of his continued confinement as a result of his disciplinary hearing, his claim will not accrue until the conviction or sentence has been invalidated. Plaintiff has not alleged any facts suggesting that his disciplinary hearing has been

4

reversed, expunged or otherwise invalidated. Any claim challenging the denial of due process at Plaintiff's disciplinary hearing should therefore be dismissed.

### III. Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended

complaint; and

5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.


IT IS SO ORDERED.

Dated: **October 26, 2011**                    **/s/ Gary S. Austin**
                                                UNITED STATES MAGISTRATE JUDGE