# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

STEVEN TKAC,

Plaintiff,

v.

ARTHUR ANDERSON, et al.,

Defendants.

_______________________________/

1:10-cv-01043-GSA-PC

ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER SECTION 1983, WITH LEAVE TO FILE A HABEAS PETITION
(Doc. 14.)

ORDER FOR THIS DISMISSAL TO BE SUBJECT TO 28 U.S.C. § 1915(g)

ORDER DIRECTING CLERK TO CLOSE CASE

## I. RELEVANT PROCEDURAL HISTORY

Steven Tkac ("Plaintiff") is a state prisoner, proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on June 10, 2010. (Doc. 1.) On August 6, 2010, Plaintiff consented to Magistrate Judge jurisdiction in this action, and no other parties have made an appearance. (Doc. 8.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

On August 20, 2010, Plaintiff filed the First Amended Complaint. (Doc. 9.) The Court screened the First Amended Complaint pursuant to 28 U.S.C. § 1915 and entered an order on

October 26, 2011, dismissing the First Amended Complaint for failure to state a claim, with leave to amend. (Doc. 13.) On November 29, 2011, Plaintiff filed the Second Amended Complaint, which is now before the Court for screening. (Doc. 14.)

**II. SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is only required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). "[P]laintiffs [now] face a higher burden of pleadings facts . . ," Al-Kidd v. Ashcroft, 580 F.3d 949, 977 (9th Cir. 2009), and while a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

**III. SUMMARY OF SECOND AMENDED COMPLAINT**

Plaintiff is presently incarcerated at the California Substance Abuse Treatment Facility in Corcoran, California. The events at issue in the complaint allegedly occurred at Avenal State Prison ("ASP") in Avenal, California. Plaintiff names as defendants Arthur Anderson, Jr. (Commissioner,

Board of Parole Hearings ("BPH")), Lieutenant P. E. Campbell, N. Grannis (Chief, Inmate Appeals), A. Guzman (Correctional Counselor), James D. Hartley (Warden), J. Hill (Appeals Coordinator), C. Holmstrom (Appeals Examiner), Martin Hoshino (Executive Officer, BPH), Captain A. Lloren, N. Lopez (Appeals Coordinator), L. S. McEwen (Chief Deputy Warden), Bill McCollough (Information Systems Analyst), Rosemary Ndoh (Associate Warden), Correctional Officer ("C/O") E. Quezada, Philip S. Reiser (Staff Counsel, BPH), Mario H. Reyes (Deputy Commissioner, BPH), S. T. Smith (Appeals Coordinator), Lieutenant T. Smith, and Does 1-10.

Plaintiff alleges as follows in the Second Amended Complaint. On May 4, 2009, Plaintiff received a Form 128B report signed by defendants McCollough and Ndoh, notifying Plaintiff that he had violated section 49020.18.3 of the Department Operations Manual ("DOM") at ASP, that he would not be able to participate in rehabilitative programs which "provide access to any electronic data processing equipment,"and that his job assignment should be reviewed by the Inmate Classification Committee ("ICC"). Second Amended Complaint ("2ACP"), Doc. 14 at 3 ¶4. Plaintiff had not been formally charged or given a disciplinary hearing before receiving the report. Other inmates also received the same report notifying them that they had violated the same rules.

Plaintiff submitted a Form 602 inmate grievance which was processed by defendant Lopez at the Informal Level. Other inmates submitted grievances which were processed by defendant Lopez at the higher Second Formal Level. Defendant Lopez never explained why he discriminated against Plaintiff in this manner.

On May 20, 2009, Plaintiff was ordered by defendant Guzman to go before the ICC. Plaintiff explained to the ICC, which included defendants Guzman and Lloren, that his removal from prison programs was unwarranted because he had not been formally charged or given a hearing. In an act of retaliation, defendant Lloren told Plaintiff he would make sure a Form 115 Rules Violation Report ("RVR") was placed in Plaintiff's file. Plaintiff submitted an inmate grievance pertaining to Guzman's and Lloren's unprofessional treatment of Plaintiff at the ICC hearing.

On May 22, 2009, defendant Lloren ordered Lt. T. Smith to generate an RVR to formally charge Plaintiff, in order to retaliate against Plaintiff and rationalize removing Plaintiff from his prison program. Lt. T. Smith ordered Sergeant Estrada to write the RVR. Sgt. Estrada investigated

the unsubstantiated claims against Plaintiff, determined that Plaintiff had not violated any rules or regulations, and decided it would be discriminatory to charge Plaintiff without charging any of the other inmates who had received the 128B notice of unsubstantiated violations from defendants McCollough and Ndoh.

On May 26, 2009, Lieutenant T. Smith ordered C/O Quezada to write RVRs for Plaintiff and the other inmates, except for inmate Francisco Mota Martinez. On May 28, 2009, Plaintiff was formally charged with "Use of a State Computer for Personal Use."

On June 2, 2009, defendants Anderson (Presiding Commissioner of the BPH) and Reyes (Deputy Commissioner of the BPH) held a parole suitability hearing for Plaintiff. Anderson and Reyes questioned Plaintiff about the RVR. Plaintiff's counsel argued against considering the RVR to determine parole suitability, since Plaintiff had not been found guilty and the charges had not been substantiated. But Anderson and Reyes considered the RVR as part of their reasoning to deny Plaintiff parole and defer Plaintiff's next parole hearing for two years.

On June 4, 2009, Warden Hartley refused to process Plaintiff's UCC complaint and delegated it to defendant Lopez to process as an inmate grievance. Lopez refused to process it, on the ground that it was a duplicate of Plaintiff's prior grievance about the Form 128B report. The responses to Plaintiff's grievance ignored Plaintiff's allegation that defendant Lloren retaliated against Plaintiff in writing the RVR.

Disciplinary hearings were held for other inmates, finding them not guilty of "Use of a State Computer for Personal Use." 2ACP, Exh. E.

On June 10, 2009, Plaintiff requested review of the BPH's decision. Defendant Reiser, acting for defendant Hoshino, refused to review the decision and told Plaintiff to file a petition with the court.

On June 12, 2009, Plaintiff submitted an inmate grievance concerning the use of the RVR at his parole hearing. Defendants Hartley, S. T. Smith, Lopez, and Hill all refused to process the grievance until February 4, 2010.

An investigation of Plaintiff's RVR found no wrongdoing on Plaintiff's part. Plaintiff sent a letter to Warden Hartley about his mistreatment by the staff, but received no response. Plaintiff

then submitted a Citizen's Complaint to Warden Hartley, but Hartley refused to process the Complaint or investigate the allegations of staff misconduct.

After defendant Lieutenant Campbell violated Plaintiff's due process rights in a sham of a disciplinary hearing, Plaintiff's RVR was reissued and reheard. Lieutenant Shaw found Plaintiff not guilty because the charges were not supported by reporting employee Quezada's evidence. However, Plaintiff was stigmatized, and his parole prospects were diminished because defendants issued 128B report and RVR before conducting a disciplinary hearing, in violation of Plaintiff's rights to due process.

Plaintiff requests monetary damages and injunctive relief.

**IV. PLAINTIFF'S CLAIMS**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also

///

by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

**A. Denial of Parole**

Plaintiff challenges the basis of the denial of his parole, and he requests injunctive relief via reconsideration of the decision to deny Plaintiff's parole suitability hearing before the Board of Parole Hearings. At the hearing, Plaintiff was denied parole, and his next parole hearing was deferred for two years.

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991). "[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-2, 125 S.Ct. 1242, 1248 (2005). Where the complaint states a habeas claim instead of a § 1983 claim, the court should dismiss the claim without prejudice for failure to exhaust, rather than converting it to a habeas and addressing it on the merits. See Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

Reconsideration of the decision to deny Plaintiff's parole would necessarily challenge the legality or duration of his custody. Therefore, Plaintiff's sole remedy is a writ of habeas corpus. Accordingly, the Court shall dismiss this claim without prejudice to Plaintiff filing a habeas corpus petition.

**B. Due Process – Disciplinary Violation**

Plaintiff brings a claim for violation of his rights to due process, alleging that defendants issued a report informing Plaintiff that he had violated prison rules and would lose access to prison programs, before formally charging Plaintiff or holding a disciplinary hearing. Plaintiff alleges that he was informed that because he had violated section 49020.18.3 of the DOM at ASP, he would not

///

be able to participate in rehabilitative programs which "provide access to any electronic data processing equipment," and that his job assignment should be reviewed by the ICC. 2ACP at 3 ¶4.

The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384, 2393 (2005). In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Id. Liberty interests may arise from the Due Process Clause itself or from state law. Id.

The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." Id. Moreover, Plaintiff does not have a liberty interest in his prison job, Sandin v. Conner, 515 U.S. 472, 484 (1995), nor does Plaintiff have a property interest in his prison job, see Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1997); Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985). Because Plaintiff has neither a liberty interest nor a property interest in his prison job, Plaintiff was not entitled to any procedural due process protections in conjunction with the loss of his job. Therefore, Plaintiff fails to state a cognizable due process claim.

**C. Inmate Appeals Process**

Plaintiff also alleges that defendants failed to respond properly to his inmate appeals. Defendants' actions in responding to Plaintiff's appeals, alone, cannot give rise to any claims for relief under section 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing a prisoner's administrative appeal, without more, are not actionable under section 1983. Buckley, 997

///

F.2d at 495. Thus, since he has neither a liberty interest, nor a substantive right in inmate appeals, Plaintiff fails to state a cognizable claim for the processing and/or reviewing of his prison grievances.

**D. Equal Protection**

Plaintiff alleges that defendant Lopez discriminated against him, alleging that defendant Lopez processed Plaintiff's grievance at the Informal Level but processed other inmates' similar grievances at the higher Second Formal Level. Plaintiff alleges that defendant Lopez did not explain the basis of the discrimination.

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established by showing that Defendants intentionally discriminated against Plaintiff based on his membership in a protected class, Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702-03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071,1082 (9th Cir. 2003), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agr., 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Plaintiff has not alleged facts demonstrating that he was intentionally discriminated against on the basis of his membership in a protected class, or that he was intentionally treated differently than other similarly situated inmates without a rational relationship to a legitimate state purpose. Therefore, Plaintiff fails to state a claim for relief for violation of his right to equal protection.

**E. Retaliation**

Plaintiff alleges that defendant Lloren acted in retaliation against him when Lloren took steps to generate an RVR against Plaintiff formally charging Plaintiff with a disciplinary violation.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his

First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (quotation marks omitted); accord Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Plaintiff shows no connection between defendant Lloren's action and any protected conduct by Plaintiff. Further, Plaintiff does not allege that defendant Lloren's action did not reasonably advance a legitimate correctional goal. Therefore, Plaintiff fails to state a claim for retaliation.

## V. CONCLUSION AND ORDER

For the reasons set forth above, the Court finds that Plaintiff fails to state any cognizable claims in the First Amended Complaint upon which relief may be granted under § 1983. In this action, the Court previously granted Plaintiff an opportunity to amend the complaint, with guidance by the Court. Plaintiff has now filed three complaints without alleging facts against any of the defendants which state a claim under § 1983. The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). However, the Court finds that Plaintiff may be able to state a habeas corpus claim. Therefore, Plaintiff's claim for denial of parole shall be dismissed without prejudice to filing a petition for writ of habeas corpus.

If Plaintiff elects to file a petition for writ of habeas corpus, he must file a new and separate action. The Clerk shall send Plaintiff a habeas corpus petition form for Plaintiff to complete and return to the court. Plaintiff should not refer to the case number of this civil rights complaint. When the habeas corpus petition is received by the Court, the Clerk will assign a new case number.

Based on the foregoing, it is HEREBY ORDERED that:

1. This action is DISMISSED in its entirety for failure to state a claim upon which relief may be granted under § 1983;
2. Plaintiff's claim for denial of parole is DISMISSED without prejudice to filing a petition for writ of habeas corpus;
3. Plaintiff's remaining claims are DISMISSED with prejudice for failure to state a claim upon which relief may be granted under § 1983;

4. The Clerk shall send Plaintiff a habeas corpus petition form;

5. If Plaintiff elects to file a petition for writ of habeas corpus, he must file a new and separate action as instructed above;

6. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Vittorio, 658 F.3d 1090, 1098 (9th Cir. 2011); and

7. The Clerk is directed to close this case.

IT IS SO ORDERED.

**Dated:** **December 14, 2011**

/s/ **Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE