# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN TKAC, | 1:10-cv-01043-GSA-PC |
| Plaintiff, | |
| vs. | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |
| ARTHUR ANDERSON, et al., | (Doc. 17.) |
| Defendants. | |

**I.    BACKGROUND**

Steven Tkac ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On August 6, 2010, Plaintiff consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Doc. 8.) The case was dismissed on December 14, 2011, for failure to state a claim upon which relief may be granted under § 1983. (Doc. 15.) On January 18, 2012, Plaintiff filed a motion for reconsideration of the undersigned's order dismissing this action. (Doc. 17.)

**II.    MOTION FOR RECONSIDERATION**

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must

1  demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks
2  and citation omitted).  In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff
3  to show "what new or different facts or circumstances are claimed to exist which did not exist or
4  were not shown upon such prior motion, or what other grounds exist for the motion."  To succeed,
5  a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its
6  prior decision.  See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal.
7  1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

8  "A motion for reconsideration should not be granted, absent highly unusual circumstances,
9  unless the district court is presented with newly discovered evidence, committed clear error, or if
10 there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma
11 GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted,
12 and "[a] party seeking reconsideration must show more than a disagreement with the Court's
13 decision, and recapitulation . . . " of that which was already considered by the Court in rendering its
14 decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

15 Plaintiff argues that the court erred in determining that he failed to state claims under § 1983
16 for retaliation, due process, and denial of parole.  With regard to his claim for retaliation, Plaintiff's
17 basis for reconsideration is his disagreement with the Court's decision.  Plaintiff has not shown that
18 the court committed clear error, or presented any facts or law of a strongly convincing nature to
19 induce the Court to reverse its prior decision.

20 With regard to his claims for violation of due process and denial of parole, Plaintiff argues
21 that the Court erred in finding that Plaintiff may only seek relief through a petition for writ of habeas
22 corpus.  Plaintiff contends that he is not challenging the legality or duration of his custody, but rather
23 the due process of his RVR hearing which resulted in the placement of a document in his file, which
24 then affected the decision at his parole hearing.  The Court has thoroughly reviewed Plaintiff's
25 motion and finds no grounds for reconsideration.  The Ninth Circuit held in Butterfield v. Bail, 120
26 F.3d 1023, 1024 (9th Cir. 1997), that "[f]ew things implicate the validity of continued confinement
27 more directly than the allegedly improper denial of parole.  This is true whether that denial is alleged
28 to be improper based upon procedural defects in the parole hearing or upon allegations that parole

was improperly denied on the merits." In Butterfield, as in the present case, the plaintiff alleged that defendants violated his due process rights by considering false information in his prison file to find him ineligible for parole. The appeals court held that the "[a]ppellant's civil claim for damages amount[ed] to a collateral attack on his denial of parole and subsequent incarceration," which is not permitted by Heck.[1] Here, as in Butterfield, Plaintiff fails to state a claim under §1983 for actions affecting the denial of parole, and his sole federal remedy is a writ of habeas corpus.

### III.    CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration, filed on January 18, 2012, is DENIED.

IT IS SO ORDERED.

Dated:   **January 20, 2012**           /s/ **Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE

---

[1] "Heck precludes a prisoner's § 1983 claim that, if successful, would invalidate a conviction or sentence "where that conviction [or sentence] has not been reversed, expunged or called into question by issuance of a writ of habeas corpus." Butterfield, 120 F.3d at 1024 (quoting Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996) (citing Heck v. Humphrey, 512 U.S. 477, 486-87 (1994)).

3